# Supreme Court of Texas

═══════════

No. 22-0420

═══════════

In the Interest of J.S., a Child

═══════════════════════════════════

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

═══════════════════════════════════

JUSTICE BOYD, concurring.

When the Texas Department of Family and Protective Services files suit to terminate a parent-child relationship or to be named as a child's managing conservator, the trial court may enter a temporary order appointing the Department to serve as the child's managing conservator until the suit is tried and a final judgment is entered. *See* TEX. FAM. CODE § 105.001(a)(1). To ensure the court promptly resolves the suit, Section 263.401(a) provides that, on the first Monday that occurs one year after the court enters the temporary order, "the court's jurisdiction over the suit . . . is terminated and the suit is automatically dismissed without a court order." *Id.* § 263.401(a). But Subsection (a) provides an exception: the court's jurisdiction does not terminate on that deadline and the suit is not automatically dismissed if the court has (1) "commenced the trial on the merits" by the deadline or (2) "granted an extension under Subsection (b) or (b-1)." *Id.*

Subsection (b),[1] however, never mentions "grant[ing] an extension." *See id.* § 263.401(b). Instead, it provides that the trial court may "retain the suit on the court's docket," but only "for a period not to exceed 180 days after the time described by Subsection (a)." *Id.* Necessarily, then, Subsection (a)'s reference to "grant[ing] an extension under Subsection (b)" means "retain[ing] the suit on the court's docket."

To "retain the suit on the court's docket" (that is, to "grant[] an extension under Subsection (b)"), the trial court must find that (1) "extraordinary circumstances necessitate the child remaining" in the Department's temporary managing conservatorship and (2) continuing the Department's appointment as temporary managing conservator is in the child's "best interest." *Id.* If the court makes those findings, it may "retain the suit on [its] docket" even if it has not commenced the trial within one year. *Id.* If it fails to either timely commence the trial or make these required findings, "it may not retain the suit on the court's docket." *Id.*

The Court holds in this case that (1) the Family Code requires trial courts to "expressly" announce the two required findings, either in a written order or orally on the record, but (2) a trial court's failure to expressly announce the required findings does not terminate the trial court's jurisdiction, so a parent may waive an objection to the lack of findings by failing to timely assert that objection. *See ante* at ___. As to

---

[1] Subsection (b-1) authorizes a court that timely commenced trial to extend the deadline and retain the case on its docket if it grants a new trial or mistrial or receives the case again on remand after an appeal from its final judgment. TEX. FAM. CODE § 263.401(b-1). Because the court here did not timely commence the trial, this subsection does not apply.

both points, I read the Family Code to provide the opposite: (1) a trial court's jurisdiction necessarily terminates if it fails to timely make the required findings because the court cannot "grant[] an extension under Subsection (b)" unless it makes the required findings, but (2) the Code does not require express findings, so the findings may be implied by the record and a trial court's order. Here, the trial court expressly made the best-interest finding orally on the record in open court. Based on the record and the trial court's order, I would conclude the court also impliedly made the extraordinary-circumstances finding. Like the Court, I would reverse and remand this case for the court of appeals to address Mother's other appellate issues, but I would do so for the opposite reasons. I therefore concur in the Court's judgment, but respectfully cannot join its opinion.

## I.
## Jurisdiction

Subsection (a) of Section 263.401 states that a trial court's "jurisdiction over the suit . . . is terminated" unless the court has timely "commenced the trial on the merits or granted an extension *under Subsection (b)*." TEX. FAM. CODE § 263.401(a) (emphasis added). Subsection (b), in turn, provides that unless the court has commenced the trial or made the required extraordinary-circumstances and best-interest findings, the court "may not retain the suit on the court's docket." *Id.* § 263.401(b). So to "grant[] an extension under Subsection (b)," as Subsection (a) requires, the court must "retain the suit" on its docket under Subsection (b). And to do that, the court must make the required findings.

3

The Court reads these two provisions separately. The Court agrees that, under Subsection (a), a trial court loses jurisdiction if it fails to timely commence the trial or "grant[] an extension under Subsection (b)." *Ante* at ___. But, according to the Court, if the trial court grants an extension without making the findings required to retain the suit on its docket, its jurisdiction is not terminated. *Id.* at ___. But a court that grants an extension without making the required findings has not "granted an extension *under Subsection (b).*" And so, under Subsection (a), its jurisdiction terminates, and the suit is automatically dismissed.

Subsections (a) and (b) expressly require us to read them together. By terminating the court's jurisdiction unless it has timely commenced trial or "granted an extension *under Subsection (b),*" Subsection (a) expressly refers to and incorporates Subsection (b)'s requirements for granting an extension. *See* TEX. FAM. CODE § 263.401(a) (emphasis added). This was our exact holding just two terms ago: *Subsection (b)* "sets forth the circumstances in which the automatic dismissal date—*and thus the trial court's jurisdiction over the suit*—may be extended." *In re G.X.H.*, 627 S.W.3d 288, 296 (Tex. 2021) (emphasis added). And under Subsection (b), the court cannot extend the dismissal date and retain the suit on its docket "after the time described by Subsection (a)," unless it makes the two required findings. *See* TEX. FAM. CODE § 263.401(b). Reading Subsections (a) and (b) together, as their plain language requires, the court loses jurisdiction if it fails to grant an extension, and the only way it can grant an extension is by making the required findings. The findings, in other words, are a "prerequisite for granting an extension of the dismissal date" under

4

Subsection (a). *G.X.H.*, 627 S.W.3d at 297. So, if the court fails to make the required findings, it cannot have granted an extension "under Subsection (b)," as Subsection (a) requires, and it thus loses jurisdiction and cannot retain the suit on its docket.

Under the Court's construction, Subsection (b)'s declaration that the court "may not retain the suit on the court's docket" must mean something different than Subsection (a)'s declaration that the court's "jurisdiction over the suit . . . is terminated and the suit is automatically dismissed without an order." *See ante* at ___. According to the Court, a trial court that fails to timely commence trial loses jurisdiction if it also fails to "grant[] an extension under Subsection (b)," but it does not lose jurisdiction if it grants an extension without making the findings Subsection (b) requires (even though the court cannot "grant[] an extension under Subsection (b)" unless it makes the findings). *See id.* at ___. Instead, the Court asserts, a trial court that grants an extension without making the findings Subsection (b) requires has nevertheless "granted an extension under Subsection (b)" and thus retains jurisdiction; but still, it "may not retain the suit" on its docket, whatever that means. *See id.* at ___.

I agree that, as a general rule, we must presume that different statutory phrases carry different meanings. *See In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020). But that presumption cannot prevail when one of the phrases can only mean the same as the other. Here, the statute provides that a trial court's failure to make the required findings has two effects: (1) under Subsection (b), the court cannot retain the case on its docket, and (2) under Subsection (a), the court cannot grant an

5

extension that preserves its jurisdiction. *See* Tex. Fam. Code § 263.401(a), (b). Read together, "cannot retain the suit on its docket" can only mean "loses jurisdiction," and the case is automatically dismissed.

In fact, Section 263.403 supports this reading by providing that if the court enters an order that temporarily returns the child to the parent, then "[n]otwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit." *Id.* § 263.403(a). Section 263.403 confirms that Section 263.401 uses the phrases "jurisdiction over the suit . . . is terminated," "the suit is automatically dismissed," and "the court may not retain the suit on the court's docket" interchangeably to describe that the court no longer has the power to hear the case.

The Court contends that we recently held otherwise in *G.X.H. Ante* at ___. But we did not. We held in *G.X.H.* that, "while a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional, claimed defects relating to the *other requirements of [Section] 263.401(b)* are not." 627 S.W.3d at 301 (emphasis added). But the "other requirements of [Section] 263.401(b)" to which we referred in that holding were "other" requirements that apply *after* a court makes the required findings and retains the suit on its docket, not the required findings themselves.

The parents in *G.X.H.* argued, first, that the trial court did not extend the dismissal date under Subsection (b) and thus lost jurisdiction under Subsection (a) because the court did not enter an order and instead, after conducting an oral hearing in open court, noted on its

6

docket sheet that it was granting an extension and continuance. *Id.* at 298. In response to that argument, we held that the docket-sheet entry sufficiently granted the extension and, because the parties failed to provide the record of the oral hearing, we presumed that "the trial court made the necessary findings to support the extension orally on the record at the hearing." *Id.* at 299.

We then turned to the parents' separate argument that "the extension was invalid because the trial court" failed to satisfy Subsection (b)'s "other requirements"; that is, it "failed to enter an order setting a new dismissal date and trial date before the initial dismissal date passed." *Id.* at 300–01. In support of this argument, the parents relied not on Subsection (b)'s first sentence, which requires the findings as "a prerequisite for granting an extension of the dismissal date" under Subsection (a), nor on its second sentence, which "limits the length of the extension to 180 days," but on its third sentence, which "directs the trial court that has [made the required findings and] granted an extension to render an order that does three things: schedules the new dismissal date, makes further temporary orders as necessary for the children's safety and welfare, and sets the trial date." *Id.* at 297 (describing TEX. FAM. CODE § 263.401(b)). Referring *only* to the third sentence's requirements—which apply only *after* the court has made the required findings and granted an extension and thus retained the case on its docket and its jurisdiction over the case—we explained that "claimed defects relating to the other requirements of [Section] 263.401(b) are not" jurisdictional. *Id.* at 301.

7

*G.X.H.* thus confirms that a trial court loses jurisdiction if it fails to timely extend the dismissal date, and that the court must make the extraordinary-circumstances and best-interest findings to extend the dismissal date. Once the court has made the findings and thus "granted an extension under Subsection (b)," its jurisdiction does not terminate, the suit is not automatically dismissed, and the court may retain the suit on its docket. At *that* point, Subsection (b)'s third sentence requires the court to enter an order that schedules a new dismissal date, makes further temporary orders as necessary for the children's safety and welfare, and sets a trial date. *See* TEX. FAM. CODE § 263.401(b). But its failure to meet those requirements does not terminate the court's jurisdiction because those requirements are not necessary to "grant[] an extension under Subsection (b)." The court's failure to make the findings required to extend the dismissal date, however, does.

Before today, the Court has never held that the findings Subsection (b) requires to extend the dismissal date under Subsection (a) are not jurisdictional. But we have confirmed in *G.X.H.* that "a trial court's failure to timely extend the automatic dismissal date before that date passes . . . is jurisdictional." *G.X.H.*, 627 S.W.3d at 301. And under Subsection (a), the court cannot extend the dismissal date by "grant[ing] an extension under Subsection (b)" unless it makes the findings Subsection (b) requires. *See* TEX. FAM. CODE § 263.401(a). Because a court's jurisdiction terminates if it fails to extend the dismissal date "under Subsection (b)," and it cannot extend the dismissal date under Subsection (b) unless it makes the required findings, a court that grants

8

an extension without making the required findings loses jurisdiction and cannot retain the suit on its docket.

## II.
## Implied Findings

Because a trial court's jurisdiction terminates if it fails to commence the trial before the dismissal date or grant an extension under Subsection (b), a party may challenge any order entered after that date as void, even if the party did not preserve that objection. In this case, the trial court orally announced a finding that extending the dismissal date and keeping the Department as temporary managing conservator was "in the child's best interest," and it ordered that the dismissal date be extended, but it did not expressly announce the finding that "extraordinary circumstances necessitate the child remain[]" in the Department's temporary managing conservatorship. This raises the issue of whether Section 263.401 requires a trial court to expressly announce the required findings, either in a written order or orally on the record, or whether we may infer that it made the finding in light of the record and the court's order extending the dismissal date.

The Court holds that Section 263.401(b) requires trial courts to expressly announce the required findings, even though nothing in that subsection's language imposes that requirement. *See ante* at ___. In the Court's view, the failure to expressly announce the findings necessarily equates to a failure to "make" the findings. I disagree. Although I do agree that, as we advised in *G.X.H.*, courts *should* expressly announce their findings in a written order to avoid any risk of confusion or misunderstanding, 627 S.W.3d at 299, I cannot agree that Subsection (b) *requires* them to do so. In holding otherwise, the Court relies on our

9

precedent and on the subsection's "amendment history." *See ante* at ___. I do not agree that either supports the Court's conclusion.

As to our precedent, the Court first relies on our statement that, "for the suit to remain on the court's docket beyond the one-year dismissal date," the court "cannot just enter an extension order" but instead "must make specific findings to support the extension order." *Id.* at ___ (quoting *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 643 (Tex. 2009) [hereinafter *In re DFPS*]). I completely agree with that statement. Section 263.401 expressly requires trial courts to make two specific findings as a prerequisite to granting an extension. *See* TEX. FAM. CODE § 263.401(b). But Section 263.401 does not require the trial court to expressly announce those findings, and we did not hold or suggest in *In re DFPS* that it does. Indeed, that case did not present that issue, or anything related to it. Instead, it involved a suit in which the trial court timely commenced the trial but then granted a new trial after the one-year deadline without ever making any findings or granting an extension. *See In re DFPS*, 273 S.W.3d at 640.

Next, the Court relies again on *G.X.H.*, suggesting that we held there that, "to avoid error, the findings must be 'made orally on the record or in some other writing.'" *Ante* at ___ (quoting *G.X.H.*, 627 S.W.3d at 299). Actually, what we held was that a trial court's *failure to "make the findings in a written order . . . is not error*, provided the findings are made orally on the record or in some other writing." *G.X.H.*, 627 S.W.3d at 299 (emphasis added). We announced this holding because the trial court there did not announce its finding in a written order, and the parties failed to provide a transcript of the oral hearing.

10

*See id.* Relying on our well-established rule that all findings necessary to support a judgment "*are implied*" when express findings are neither issued nor requested, we *presumed* that "the trial court made the necessary findings to support the extension orally on the record at the hearing." *Id.* (first citing *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) ("When neither party requests findings of facts and conclusions of law following a nonjury trial, all fact findings necessary to support the trial court's judgment *are implied*." (emphasis added)); and then citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) ("When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence *are implied*." (emphasis added))).

In light of the limited issue *G.X.H.* presented, we held that it would not be error for the trial court to fail to expressly announce the findings in a written order if the court expressly announces the findings orally on the record. But we did not address whether—much less hold that—it would be error for the trial court to fail to *expressly* announce the findings at all, because *G.X.H.* did not present that issue. Instead, we relied on our well-established rule requiring that necessary findings be implied when express findings are neither issued nor requested.[2] If

---

[2] The Court suggests that a trial court cannot impliedly make the required findings because "[o]ur decisions addressing implied findings have typically involved implied findings of fact and conclusions of law to support a judgment, not a procedural case-processing requirement like the one at issue here." *Ante* at ___ (footnote omitted) (citing *Shields*, 526 S.W.3d at 480). But as the above quotations from *Shields* and *BMC Software* demonstrate, we expressly relied in *G.X.H.* on those exact decisions, reasoning that because

11

that well-established rule supports *G.X.H.*'s holding that we can *presume* that the trial court "made" the findings when the record is missing, it certainly supports the conclusion that an available record can establish that the findings were *implied*.

Next, the Court relies on the fact that the legislature has amended Section 263.401 several times throughout the years, first to add a requirement that the trial court "find[] that" continuing the Department's temporary conservatorship is in the child's best interest, then to add a requirement that the court find that extraordinary circumstances necessitate that decision, then to require that the court "make" those findings to retain the case on its docket, and later to require the court to "consider" certain facts when making the findings. *Ante* at ___. No doubt, the legislature has repeatedly and increasingly stressed that trial courts must thoughtfully "make" the required findings as a prerequisite to granting an extension, but through all of those amendments it has never once addressed *how* courts must make them. Although the legislature is deemed to be aware of our well-established rule that necessary findings are implied when express findings are neither issued nor requested, it has never amended the

---

such findings can be *implied*, they can also be *presumed* when the record is missing. The Court also suggests that if trial courts could impliedly make the findings, we would have had no need to presume that the trial court made the findings in *G.X.H.* and instead "we would have reviewed the entire record of the case ourselves to confirm whether" the trial court implied made the findings. *Id.* at ___. But we had no record to review in *G.X.H.* The reason we had to presume that the trial court made the findings in that case was because we had no record to confirm the findings were expressed or implied.

12

statute to require that trial courts expressly announce the required findings.

In that regard, the Court's suggestion that the statute's use of the word "make" somehow requires courts to expressly announce the findings is likewise unavailing. Relying on select definitions from Black's Law Dictionary, the Court suggests that the word "make"— which the statute does not define—necessarily requires "affirmative and observable actions by the 'maker.'" *Id.* at ___ & n.3. Setting aside whether the term's "legal" definition actually supports that assertion, we must construe undefined words in a statute by applying their common, ordinary meaning, not a limited or obscure legal definition, so that ordinary citizens can rely on the statute's language to mean what it plainly says. *See PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019); *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34–35 (Tex. 2017). The common, ordinary meaning of "make," of course, includes "to frame or formulate in the mind" and "to form and hold in the mind." *Make*, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003).

The Court suggests that the statutory context requires us to give "make" a technical legal meaning because the term governs judges' actions, and judges understand legal meanings. *Ante* at ___ & n.3. But if that were true, no statute would ever need to expressly require judges to make findings in a written order or on the record, yet numerous Family Code provisions do just that. These include, for example:

- "If the court makes an affirmative finding under Subsection (a), the court shall issue a protective order that includes a statement of that finding." TEX. FAM. CODE § 261.504(b).

- "If the court finds that visitation between a child and a parent is not in the child's best interest, the court shall render an order that: (1) states the reasons for finding that visitation is not in the child's best interest . . . ." *Id.* § 263.109(b)(1).

- "Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final a final order as required by that section if the court renders a temporary order that: (1) finds that retaining jurisdiction under this section is in the best interest of the child." *Id.* § 263.403(a)(1).

- "If a court finds that a health care professional has been consulted regarding a health care service, procedure, or treatment for a child in the conservatorship of the department and the court declines to follow the recommendation of the health care professional, the court shall make findings in the record supporting the court's order." *Id.* § 266.005.

These provisions demonstrate that the legislature knows how to require express findings in a written order or in the record when it intends to impose that requirement. Yet despite the repeated amendments the Court so meticulously describes, the legislature has never amended Section 263.401 to impose such a requirement. In my view, this silence necessarily speaks volumes. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) ("We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted."). For these reasons, I conclude that although Section 263.401(b) requires a trial court to make the extraordinary-circumstances and best-interest findings as a prerequisite to granting an extension and retaining its jurisdiction, it

14

does not require that the court expressly announce those findings in a written order or orally on the record.

I also conclude that the record in this case establishes that the trial court impliedly made the extraordinary-circumstances finding. The parents made an eleventh-hour request for a jury trial, the child's attorney ad litem was absent when the case was called, and logistical issues related to the COVID-19 pandemic complicated the court's ability to timely commence the trial. Considering these obstacles to a timely trial, the Department asked the trial court to find that extending the deadline, retaining the case on the court's docket, and keeping the Department as managing conservator would be in the child's best interest. As the Court concedes, the Department was indisputably "requesting an extension under Section 263.401." *Ante* at ___. After neither parent objected, the trial court orally made that requested finding and extended the dismissal date. And all parties confirmed—twice—that there was not "anything else" they wanted to bring to the court's attention. Under these facts and our well-established rule requiring implication of findings necessary to support a ruling, I conclude that the trial court implicitly but necessarily found that extraordinary circumstances required that the child remain in the Department's temporary managing conservatorship.

## III.
## Conclusion

Under the Family Code's plain language, a trial court's jurisdiction terminates if it fails to timely make the findings required to extend the automatic dismissal date, but the trial court need not expressly announce those findings. Here, the trial court impliedly made

15

the extraordinary-circumstances finding, so I agree with the Court that the court of appeals' judgment should be reversed, and the case should be remanded so the court of appeals can address Mother's other appellate issues. But because I respectfully disagree with the Court's reasoning, I join only in its judgment.

Jeffrey S. Boyd
Justice

**OPINION FILED:** June 16, 2023